[See Case No. 9,106.]

## Case No. 15,724.

### UNITED STATES v. MARSELIS.

[2 Blatchf. 108.] [1]

Circuit Court, S. D. New York. April, 1849.

POST OFFICE—WHAT IS—INDICTMENT FOR STEALING MAIL.

1. To constitute a post office, under section 22 of the post-office act of March 3, 1825 (4 Stat. 108), the place where the business of keeping, forwarding and distributing mailable matter is conducted need not be a building set apart for that use, or any apartment or room in a building; but, according to the extent of the business done, may be a desk, or a trunk or box carried about a house, or from one building to another.

2. The place of the deposit of the mailable matter would, in this sense, constitute the post office, and any thing taken out of that place of reception or keeping would be taken from or out of the post office, within section 22 of said act, without regard to the distance of removal, or to circumjacent enclosures or rooms.

3. If a person takes a letter containing money, in a post office building, from and out of that part of it appropriated to the deposit of the letter, with intent to convert its contents to his own use, he is guilty of stealing the letter from and out of the post office, within section 22 of said act, even though he only transfers the letter to his pocket, and does not remove it beyond the building containing the post office.

4. But, whether he is guilty of stealing the mail, under the same section, quære.

5. And he is liable to be convicted under section 22 of said act, although he was a clerk employed in the post office at the time of the larceny, and although he might, perhaps, be subject to indictment for the same offence under section 21 of said act.

[Cited in U. S. v. Falkenheiner, 21 Fed. 627; U. S. v. Rapp, 30 Fed. 820.]

The defendant was indicted under section 22 of the post-office act of March 3, 1825 (4 Stat. 108), which provides that any person who shall steal the mail, or shall steal or take from or out of any mail, or from or out of any post office, any letter or packet, shall be punished by imprisonment not less than two years and not exceeding ten. At the

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

trial, a special verdict was found by the jury, that the defendant was a clerk employed in the post office in the city of New York, in distributing and forwarding one line of mails; that his general station was at what was called the "East Table," and his duty to put into the bags for the East, mailable matter, chiefly newspapers, destined for that direction; that his business was not at the city distribution table, on which letters received were placed, when taken out of the bags, to be arranged for distribution; that he was detected going from his own table to the city distribution table, taking from it two envelopes, each containing a letter, enclosing a twenty-five cent piece in silver, and putting the two letters into his pocket; that he was arrested, and the two letters were taken from his pocket; that the envelopes were addressed to the New York post office, and the two letters were each post-marked at interior towns, addressed to persons in the city of New York; and that a post-bill accompanied each letter.

[See Case No. 15,725.]

Lorenzo B. Shepard, U. S. Dist. Atty.
James T. Brady, for defendant.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. The points raised on the special verdict in this case are, whether, within the meaning of the twenty-second section of the act of 1825, the defendant stole the mail, or the letters from or out of the post office. The terms "mail" and "post office" seem, each of them, to bear, in the acts of congress and in general acceptation, both a generic and a specific sense. Instances are presented in sections 2, 4, 11 and 22 of the act of 1825, of the employment of the term "mail" as embracing the whole body of mailable matter transmitted from office to office, and also the particular packets addressed from and received at different post offices. The instructions of the postmaster general under the act are to the same effect. So, also, the term "post office" is applied by section 1 to the department, which is not at all concerned in receiving and delivering letters. In its ordinary use, the term embraces the business of keeping, forwarding and distributing mailable matter, equally with the place where such business is conducted. And, manifestly, such place, to constitute a post office, need not be a building set apart for that use, or any apartment or room in a building; but, according to the extent of business done, may be a desk, or a trunk or box carried about a house, or from one building to another. The place of the deposit of the mailable matter would, in this sense, constitute the post office, and anything taken out of that place of reception or keeping would be taken from or out of the post office, without regard to the distance of removal, or to circumjacent enclosures or rooms.

We do not feel called upon to define the exact signification of the word "mail," or to determine whether the packets taken by the defendant are properly described under that denomination; for, in our opinion, judgment must, on the other point, be rendered against him upon the special verdict. He took the letters in the post office building, from and out of that part of it appropriated to their deposit, with intent to convert their contents to his own use. This was an asportation sufficient to constitute larceny at common law, and consummated the offence of stealing, denounced by the act of congress. Furtively and feloniously removing a letter from and out of the place where it is kept in a post office, is stealing it from and out of the post office, whether the removal be beyond the building containing the post office, or the abduction be no more than the transfer of the letter to the pocket of the person taking it.

We concur in the conclusion of the district court of this district, in a case heretofore pending in that court against this same defendant [U. S. v. Marselis, Case No. 15,725], that he is liable to conviction under the twenty-second section of the act, although he was employed in the post office, and might, perhaps, be subject to indictment under the twenty-first section of the act.

Judgment of conviction must be rendered against the defendant upon the special verdict.