## THE ADMIRAL EVANS.

### KASER v. PACIFIC S. S. CO.

(District Court, W. D. Washington, N. D.   February 16, 1923.)

#### No. 4748.

1. **Salvage ⬅7—Property must be saved by person rendering "salvage service."**

   A salvage service is a service which contributed immediately to the preservation or rescue of property in peril at sea, and the property must be saved by the parties claiming the compensation.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Salvage Service.]

2. **Salvage ⬅14—Rescuing passenger without aiding vessel is not salvage.**

   Taking passengers from a sinking ship, without rendering any service in rescuing the vessel, is not a salvage service, and prior to Salvage Act Aug. 1, 1912 (Comp. St. §§ 7990–7994), saving life was considered a duty of humanity and not for reward.

3. **Salvage ⬅14—Statute does not authorize award for saving life where there is no claim against ship or cargo.**

   Salvage Act Aug. 1, 1912 (Comp. St. §§ 7990–7994), giving salvors of human life a fair share of remuneration offered to salvors of the vessel, was intended to place human life and property on a par, and it does not warrant an award for saving life unless a salvage claim exists against the ship or cargo.

4. **Salvage ⬅43—Liability in personam not considered where proceeding is in rem.**

   Under Admiralty Rule 18 (267 Fed. xi), a party has two remedies for salvage service, one in rem against the property saved or the proceeds, and one in personam against the party liable; but, where he has proceeded in rem, liability in personam cannot be considered.

5. **Salvage ⬅23—Vessel is not liable for salvage of cargo.**

   Where no service was rendered in saving or rescuing the vessel, it is not liable for salvage due for saving the cargo, and on a libel against the vessel alone no award can be made for salvage of cargo.

6. **Salvage ⬅23—United States mail not subject to seizure and sale.**

   United States mails, on principle and public policy, cannot be considered as subject to seizure and sale on a libel in rem for salvage services rendered in saving them from a sinking vessel.

In Admiralty.   Libel by E. H. Kaser against the steamship Admiral Evans, of which the Pacific Steamship Company was claimant, to recover salvage.   Decree rendered for claimant.

In March, 1918, libelant was the owner of the St. Nicholas and the Murrelet, vessels registered under the acts of Congress, plying in Alaska waters in coastwise commerce.   The Admiral Evans was operating on Seattle-Alaska route, and at the time stated, in Hawk's Inlet struck a rock, making a hole in her portside after the west hatch.   Soundings were immediately taken, and the vessel headed for the beach alongside the Cannery Dock, where she was beached eight minutes after striking the rock, at low tide.   The water was smooth; there was no immediate danger of sinking.   The tide rises at this point 20 or 21 feet.   Immediately after striking the rock distress signals were given.   After being beached, the master through megaphone requested the superintendent of the Cannery to send launches to remove the passengers. In response to the distress signals, libelant's vessels responded, as also did the cannery launches.   In the meantime passengers repaired to the dining room where dinner was served, and immediately on completion of the dinner, approximately 20 minutes or more later, the passengers were taken off, some

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by the libelant's boats; also, baggage and United States mail. One of the oil tanks of the Admiral Evans was punctured by the collision, and oil came up into the hold of the ship, and with the rising water the oil came farther into the ship, and came in contact with the mail sacks and baggage and covered the main deck. Two or three loads of passengers were taken from the vessel by the libelant's boats respectively, together with baggage and mail sacks. The Admiral Evans at high tide sank and was afterwards raised. Libelant rendered no service in rescuing or saving the Admiral Evans. He seeks to impress a salvage service against the Admiral Evans for the removal of the passengers, the baggage and mails, and for damages occasioned to the libelant's boats by reason of oil coming in contact with the furnishings, linen, carpets, and paint of the boats in the sum of $5,000, for services rendered, and $2,000 damages. The claimant denies the salvage service.

V. H. Faben, of Seattle, Wash., for libelant.

Jones, Riddell & Brackett, and Grosscup & Morrow, all of Seattle, Wash., for respondent and claimant.

NETERER, District Judge (after stating the facts as above). [1, 2] A salvage service is a service which contributed immediately to the preservation or rescue of property in peril at sea, The Frances L. Skinner (D. C.) 248 Fed. 818, and the property must be saved by the parties claiming the compensation, The Alabamian, 1 Fed. Cas. 283, No. 128; The Edam (D. C.) 13 Fed. 135. Taking passengers from a sinking ship, rendering no service in rescuing the vessel, is not a salvage service. The Geo. W. Clyde (D. C.) 80 Fed. 157. Prior to Salvage Act Aug. 1, 1912 (Comp. St. §§ 7990–7994), saving life was considered a common duty of humanity and not for reward, The Emblem, 8 Fed. Cas. 611, No. 4434, except for saving the life of a slave, The Mulhouse, 17 Fed. Cas. 962, No. 9910.

[3] The Salvage Act, supra, provides:

"That salvors of human life  *  *  *  are entitled to a fair share of the remuneration awarded to the salvors of the vessel,  *  *  *"  etc.  Section 7992.

The evident intent of the statute is to place human life and property on a par to excite interest of salvors to save life, as well as ship and cargo, but to warrant award for saving life a salvage claim must exist against the ship or cargo. The Eastland (D. C.) 262 Fed. 535.

[4-6] For salvage service a party has two remedies; in rem against the property saved, or the proceeds, and in personam against the party liable for the salvage services. Admiralty Rule 18 (267 Fed. xi). The libelant having proceeded in rem, liability in personam cannot be considered. The Corsair, 145 U. S. 335, 12 Sup. Ct. 949, 36 L. Ed. 727. No service having been rendered in saving or rescuing the vessel, the vessel is not liable for salvage due for cargo, The Alaska (D. C.) 23 Fed. 597, and on a libel against a vessel alone no award can be made for salvage of cargo, Stone v. The Jewell (D. C.) 41 Fed. 103. United States mails on principle and public policy cannot be considered as subject to seizure and sale, and salvage for rescue may not be impressed on the ship where no service is rendered rescuing the ship. The Merchant, 17 Fed. Cas. 35, No. 9,435. The libelant may have a remedy in personam, but may not recover against the ship.

Decree for claimant.