GEORGIA CO. v. RICHFIELD OIL CO.

## THE KEKOSKEE.

No. 12989.

District Court, W. D. Washington, N. D.
Nov. 21, 1930.

See, also, 47 F.(2d) 235.

Stratton & Kane, of Seattle, Wash., for libelant.

Huffer, Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for respondents.

NETERER, District Judge (after stating the facts as above).

Compensation for services in rendering assistance to a ship at sea or her cargo, or both, from impending sea peril, when successful and voluntary, is a maritime lien upon the ship or cargo, or both and may be impressed in rem (Admiralty Rule 18 [28 USCA § 723]); and, where the owners or underwriters employ such services, proceedings in personam against the employer may be had. The Sabine, 101 U. S. 384, 25 L. Ed. 982. There is no authority to proceed against the ship in rem and in personam against the employers in the same libel. The Sabine, supra.

A court of admiralty has no equity jurisdiction, and cannot afford equitable relief in a direct proceeding. United States v. Cornell Steamboat Company, 202 U. S. 184, 26 S. Ct. 648, 50 L. Ed. 987. Even though in good conscience libelant should be paid for salving the cargo, the court is impotent in this proceeding. The ship and the cargo bear separate relations, and must contribute to the services performed in respect to benefit received. A ship is not liable for the proportion of salvage due from her cargo. The Alaska (D. C.) 23 F. 597; Stone v. Jewell (D. C.) 41 F. 103. See, also, The Admiral Evans (D. C.) 286 F. 442. And it is immaterial that the cargo was owned by the owner of the vessel.

The ship and cargo have not common status. Each has a separate underwriting and other relations, although the ownership may be common. The ship has preferred mortgage status (sections 922–953, tit. 46, USCA), which would be imperiled by cargo salvage claim, and the integrity of preferred security by bona fide holders would be impaired. While there is no évidence of such lien, the rule would have general application, and it would be manifestly inequitable and would create confusion, and is beyond the court's power to change the existing status and engraft on the procedure, against rule and admiralty practice or precedent, personam claim for cargo salvage, upon this record, in a proceeding in rem against the ship.

Exception sustained, and that part stricken.