GkeeN, Judge,
delivered the opinion of the court:
This suit is begun to recover $13,868.31, the balance alleged to be due for carrying the mails. The material facts in the case are few and simple. The plaintiff entered into a contract to carry the mails for not exceeding twenty-six voyages during the period July 1, 1927, to June 30, 1928, inclusive, and on June 19, 1928, the original contract was extended “for a period of not more than one year from June 30, 1928.” During the period provided for under the original contract, plaintiff made twenty-seven voyages, the twenty-seventh commencing on June 29, 1928. Plaintiff made other voyages under the extension agreement, but the only controversy is over the twenty-seventh voyage for which plaintiff was paid on a poundage basis instead of on a mileage basis as provided by the original contract under which it would have received $13,868.31 more. The case turns upon the question of whether the twenty-seventh voyage was made under the terms of the original contract as extended by the order of June 19, 1928.
*348 Section 414- of tlie Merchant Marine Act of 1928 provided, among other things, with reference to contracts for the carrying of mails, that—
Any such contract which expires on June 30, 1928, may be extended for a period of not more than one year from such date.
The order of the Postmaster General extending the contract followed the wording of the statute and extended it “for a period of not more than one year from June 30, 1928.”
As above stated, the original contract called for “not exceeding twenty-six voyages” during “the period July 1, 1927, to June 30, 1928, inclusive.” The plaintiff contends that when the original contract was extended on June 19, 1928, the order of extension became operative immediately and authorized the sailing in question. Defendant contends that the original contract providing for only twenty-six voyages did not terminate until June 30, 1928, and that the extension became operative only from the termination date of the original contract. If this contention is sustained, it follows that the twenty-seventh voyage which was made within the period of the original contract was not covered by the provisions of either the original contract or its extension.
We think the provision of the Merchant Marine Act above set out is capable of only one construction. It applied to contracts which expired on June 30, 1928, and provided in the same sentence that specifies the date that they might “be extended for a period of not more than one year from such date.” We think it too clear for argument or discussion that the words “such date” can apply only to June 30, 1928, and that the extension agreement therefore applied to a period which began July 1,1928, and not on June 19th as the plaintiff contends. It will be observed also that the order of extension was made “for a period of not more than one year from June 30, 1928” instead of the year beginning June 19, 1928.
Plaintiff cites several cases in support of its contention, but they involve such different circumstances that we think they have no application. Neither the original contract nor *349 the extension having provided for the twenty-seventh voyage, the plaintiff is not entitled to receive pay therefor according to the mileage rates provided in the original contract.
Plaintiff’s petition must be dismissed and it is so ordered.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur.