502

## UNITED FRUIT CO. v. UNITED STATES.
### Nos. 46459, 46966.

United States Court of Claims.

Jan. 3, 1949.

William I. Denning, of Washington, D. C. (Earl C. Walck, of Washington, D. C., on the brief), for plaintiff.

J. Frank Staley, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen. (Thomas F. McGovern of Washington, D. C., on the brief), for defendant.

Before JONES, Chief Judge, and WHITAKER, LITTLETON, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiff owns all the stock of the Balboa Shipping Company, a corporation chartered under the laws of the Republic of Panama. The latter company during the time in question ·had 12 steamships flying the flag of the Republic of Panama. Plaintiff operated these ships under bareboat charter from ports in the United States to various Central American countries including Panama. From August 1, 1939, to and including May 27, 1942, the postmasters at Boston, New York, Mobile, and New Orleans required plaintiff to transport in these ships, registered under the flag of the Republic of Panama, mail consigned to ports in various Central American countries, some of which was to ports in the Republic of Panama. Plaintiff sues for compensation for the carriage of these mails.

Defendant defends on the ground that the responsibility for the payment of compensation therefor was on the Republic of Panama by virtue of article 3 of the Convention of Panama, ratified August 12, 1937, and approved by the President on August 20, 1937. This article reads as follows:

Article 3. Free and gratuitous transit.— 1. The gratuity of territorial, fluvial and maritime transit is absolute in the territory of the Postal Union of the Americas and Spain; consequently, the countries which form it obligate themselves to transport across their territories, and to convey by the ships of their registry or flag which they utilize for the transportation of their own correspondence, without any charge whatsoever to the contracting countries, all that which the latter send to any destination.

2. In cases of reforwarding, the contracting countries are bound to reforward the correspondence by the ways and means which they utilize for their own dispatches.

Panama denies responsibility for the payment of compensation unless it used the vessel for the transportation of its own mails on the same voyage. All of the mails for which plaintiff sues were carried on voyages on which the Republic of Panama did not ship any mail, and Panama refuses to pay compensation therefor.

In United Fruit Co. v. United States, 103 Ct.Cl. 303, 311, we held that since it was the defendant that demanded the services rendered, "the primary liability to pay for these services is on the defendant, unless the inference can be fairly drawn from the conduct of the parties that the plaintiff agreed to look alone to someone else for its compensation," and we held that the proof failed to show that plaintiff had agreed to

look to the Republic of Panama for its compensation. Judgment was, accordingly, rendered for the amount sued for.

This suit is for compensation for the carriage of similar mails thereafter.

At the same time that the case of United Fruit Co. v. United States, supra, was decided, we also decided the case of Standard Fruit & Steamship Co. v. United States, 103 Ct.Cl. 659. In that case we held plaintiff was not entitled to recover because the defendant had disclaimed liability to pay compensation prior to the time the services were rendered and, therefore, we held that no contract to pay for the services could be implied.

In the case at bar the defendant relies on the same document to show a disclaimer of liability as in the Standard Fruit & Steamship Co. case. This was a letter from the Post Office Department to plaintiff dated August 7, 1933, replying to plaintiff's request for compensation. In this letter the Post Office Department stated that under the Postal Convention approved by the President on February 9, 1932—which was later superseded by the Convention of Panama, approved by the President August 20, 1937—the responsibility for payment for the carriage of the mails was on the country under whose laws the vessel was registered. The letter concluded:

Under the circumstances, no obligation rests upon this Department for services rendered by your company in the transportation of the mails in question by a steamship of the registry of one of these countries sailing from a United States port, such obligation having been assumed by the country whose flag the steamship flies, through the approval by the government of such country of the Convention containing the free transit provision cited above. Your claim should therefore be properly submitted to the postal administration of the country concerned for consideration.

Since the mail for which plaintiff sued in that case had been carried after receipt of this letter disclaiming responsibility for the payment of compensation, we held that no contract for the United States to pay compensation could be implied.

In the case at bar, however, it appears that the plaintiff vigorously protested against this disavowal of responsibility on the part of the defendant. In its protest it set out that it was penally liable for failure to carry the mails tendered to it by the defendant, that it was within the power of the United States to fine it not more than $1,000 for failing or refusing to carry the mails tendered, and that, further, it was within the power of the United States to deny clearance to its vessels if it refused to carry the mails. Under these circumstances and because it was the defendant that demanded of it the services rendered, it insisted that the primary responsibility for the payment of compensation was on the defendant. Plaintiff said, among other things:

In regard to mails tendered our ships in the United States, the United Fruit Company does not feel it can consistently waive its claim heretofore made for pay from the United States for the transportation of mails dispatched from United States ports at the rate of compensation fixed under authority of law whether dispatched on American flag ships or ships of foreign registry; neither does it waive its right to demand in the future such compensation for mails so transported. The Company admits the laws of the United States require all ships, regardless of flag, to transport mails tendered by the Postmaster General, or his representative, on pain of having clearance refused, but it submits that the United States is obligated to pay compensation for such carriage.

The record in the case at bar does not show whether the defendant persisted in its disclaimer of responsibility to pay compensation after receipt of this protest, but it appeared in United Fruit Co. v. United States, 103 Ct.Cl. 303, that the Postmaster General later certified to the Comptroller General payment for all mails carried by these vessels, except vessels calling at ports of the Canal Zone. From this it is evident that the Postmaster General, after receipt of plaintiff's protest, abandoned for the most part his disclaimer of responsibility to pay compensation.

It not appearing that defendant had denied liability to pay compensation prior to

the time the services were rendered, we think a contract to pay compensation must be implied from the fact that the defendant demanded the services. This was our holding in United Fruit Co. v. United States, supra.

This must be implied all the more in a case where the defendant had the power to penalize the plaintiff for refusing to render the services demanded. In Standard Fruit & Steamship Co. v. United States, supra, we said that these penal statutes had no application where the defendant prior to demanding the services had refused to pay compensation therefor; but, as we said above, it does not appear in this case that the defendant had refused to pay compensation.

Moreover, the mails tendered to plaintiff were partly Convention mails and partly non-Convention mails; that is to say, some of the mails came within the terms of the Postal Convention, heretofore quoted, and others did not; but it was impossible for plaintiff to know what mails were Convention mails and what were not, since both Convention mails and non-Convention mails were put in the same package indiscriminately, and the package was sealed when delivered to it. Plaintiff certainly was penally liable for refusing to carry non-Convention mails, and since Convention mails and non-Convention mails were commingled, it was unable to separate one from the other and thus it was not within its power to refuse to carry the Convention mails. Manifestly, defendant is without power to demand services of plaintiff under penalty of a fine and refusal to clear its vessels, and then not pay for these services. It is not disputed that plaintiff has always looked primarily to the United States for payment; it has not relieved the United States from liability therefor. Under such circumstances we hold defendant liable for the payment of the compensation provided for in the postal laws and regulations.

Judgment will be rendered against the defendant in plaintiff's favor for $24,656.-35 in docket No. 46459, and for the sum of $3,354.16 in docket No. 46966. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.