**UNITED FRUIT COMPANY**
v.
**UNITED STATES.**
Nos. 460–56, 568–57.

United States Court of Claims.
Dec. 3, 1958.

William I. Denning, Washington, D. C., for plaintiff, Alan F. Wohlstetter, Ernest H. Land and Joseph F. Mullins, Jr., Washington, D. C., on the briefs.

Thomas F. McGovern, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

WHITAKER, Judge.

These cases are before the court on plaintiff's motion to strike defendant's third and fourth special defenses. Inasmuch as these defenses raise the question of the jurisdiction of this court, we think it is necessary to now act upon the question raised by them. Erie Basin Metal Products v. United States, 107 F. Supp. 588, 123 Ct.Cl. 433.

In case No. 460–56 plaintiff, a steamship company, sues for compensation for the carriage of mail sacks from the United States to foreign ports for the period October 1, 1950 to July 31, 1954, and in case No. 568–57, for the period of August 1, 1954 to December 31, 1956. In both petitions it is alleged that, in applying the rates of compensation fixed by

the Postmaster General for the carriage of mails, there was deducted the weight of the empty sacks from the weight of the sacks and the letters and packages contained therein, and compensation was paid only for the net weight of the mails. It is also alleged that compensation was refused for empty mail sacks returned by plaintiff to the place of origin.

Defendant's third defense, which plaintiff moves to strike, is that jurisdiction of such a suit is within the exclusive jurisdiction of the district courts under the Suits in Admiralty Act (41 Stat. 525; 46 U.S.C.A. §§ 741–749), and its fourth defense is that the court is called upon to fix rates for the transportation of mails, which defendant alleges is beyond its jurisdiction.

Defendant does not allege that a suit for the carriage of mails is within the exclusive jurisdiction of courts of admiralty, but it says the containers in which the mails are carried are not a part of the mails and that a suit for the carriage of them is within the exclusive jurisdiction of the admiralty courts.

■ If it be conceded, as we think it must be, that this court has jurisdiction of a suit for compensation for the carriage of the mails, exclusive of the sacks in which the mails are carried, it would seem to border on the absurd to say that it has no jurisdiction of suits to recover compensation for the carriage of the containers themselves. It would indeed be strange if Congress intended that a steamship company should bring its suit in this court for compensation for the carriage of letters and packages, and should have resort to the courts of admiralty to recover compensation for the carriage of the sacks in which the letters and packages were carried.

■ It has long been recognized that the mail includes not only the letters themselves, but also the containers. It was so held in United States v. Marselis, 26 Fed.Cas. p. 1167, No. 15,724; United States v. Wilson, 28 Fed.Cas. pp. 699, 711, No. 16,730; United States v. Inabnet, D.C., 41 F. 130. Webster's Diction-

ary defines "mail" as "The bag or bags, with the letters, papers or other matter contained therein, conveyed under public authority from one post office to another. * * *" Bouvier's Law Dictionary likewise defines it, citing as its authority United States v. Rapp, C.C., 30 F. 818.

Congress, in the passage of the Railway Mail Pay Act of 1916, 39 U.S.C.A. §§ 529, 539, recognized that the sacks were a part of the mails when it authorized the Postmaster General to withdraw empty bags "from the mail" and transmit them by freight or express, and later to return them "to the mails."

Plainly, the carriage of the containers in which the letters are placed is as much a part of the carriage of the mails as is the carriage of the letters themselves. Can one imagine a carrier being required to carry separate pieces of mail without placing them in a container of some sort? Moreover, the return of the empty mail sacks is certainly a necessary adjunct to the carriage of the mails. These mail sacks are used over and over, and, of course, the carriage of the mails involves the return of the empty sacks in order that they might be used again, as the Postal Union Convention of July 11, 1952, recognizes. In Article 169, it provides:

> "Barring agreement to the contrary between the corresponding Administrations, sacks must be returned empty, by the next mail, in a direct dispatch for the country to which such sacks belong.
>
> *　　*　　*　　*　　*　　*
>
> "If the empty sacks to be returned are not too numerous, they may be placed inside the sacks containing the correspondence; otherwise, they must be placed in separate sealed sacks labeled with the names of the exchange offices."

■ As stated, the defendant does not assert that this court lacks jurisdiction of a suit for compensation for the carriage of the letters and packages themselves, nor could it maintain such an assertion. Nor has it ever been asserted

that the Suits in Admiralty Act was intended to apply to mails. The purpose of the enactment of the Suits in Admiralty Act, supra, was to prevent a vessel of the United States, or cargo belonging to the United States, from being tied up by a proceeding *in rem* in admiralty. Blamberg Bros. v. United States, 260 U. S. 452, 43 S.Ct. 179, 67 L.Ed. 346; Brady v. Roosevelt S. S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471. But no one, before or after the passage of the Suits in Admiralty Act, has ever asserted that by a libel *in rem* a person might tie up the United States mails. The Merchant, 17 Fed.Cas. p. 35, No. 9,435; The Admiral Evans, D.C., 286 F. 442.

We do not think that the Suits in Admiralty Act was intended to apply to a suit involving United States mails.

The bench and the bar have never thought that it did. Always it has been assumed without question that the admiralty courts did not have jurisdiction of such suits, and that this court did have jurisdiction. Steamship Co. v. United States, 103 U.S. 721, 26 L.Ed. 419; Pacific Mail Steamship Co. v. United States, 28 Ct.Cl. 1; Luckenbach S. S. Co. v. United States, 66 Ct.Cl. 679; 280 U.S. 173, 50 S.Ct. 148, 74 L.Ed. 356; American-West African Line, Inc., v. United States, 76 Ct.Cl. 235, certiorari denied 290 U.S. 628, 54 S.Ct. 48, 78 L.Ed. 547, Dollar Steamship Lines v. United States, 84 Ct.Cl. 346; United Fruit Co. v. United States, 93 Ct.Cl. 97; United Fruit Co. v. United States, 103 Ct.Cl. 303; Standard Fruit & Steamship Co. v. United States, 103 Ct.Cl. 659; United Fruit Co. v. United States, 81 F.Supp. 502, 112 Ct.Cl. 519; Moore-McCormack Lines, Inc., v. United States, 119 Ct.Cl. 473, certiorari denied 342 U.S. 876, 72 S.Ct. 166, 96 L.Ed. 658; United Fruit Co. v. United States, 139 F.Supp. 53, 134 Ct.Cl. 315.

Congress also has assumed that this court is the proper forum for such suits, as evidenced by a number of special Acts of Congress conferring jurisdiction thereof on this court.

■ Furthermore, as we pointed out in Continental Casualty Co. v. United States, Ct.Cl., 156 F.Supp. 942, if it be held that the admiralty courts have such jurisdiction, a large part of plaintiff's claim would be barred by the two-year statute of limitations applicable to suits under the Suits in Admiralty Act. Plaintiff quite rightly has assumed that its suit could be brought within the six-year period of limitation applicable to suits in this court. If it now be held that such suits must be brought in the admiralty court, then much of plaintiff's claim is barred by the statute of limitations. In view of the long acquiescence by the Government in the bringing of such suits in this court, it cannot now in good conscience assert that such suits must be brought within the two-year period applicable to suits under the Suits in Admiralty Act.

■ Defendant's fourth special defense is likewise untenable. It there asserts that we have no jurisdiction of plaintiff's cause of action, because, to render a judgment, we would be required to fix rates for the carriage of the empty mail sacks. This is not true. What plaintiff asks us to do is to hold that the sacks were a part of the mails and that it is entitled to compensation based upon the weight of the mails including the sacks, and the weight of the empty sacks returned. The rates are fixed by the Postmaster General. The question presented to us is whether or not plaintiff is entitled to compensation at these rates on the weight of the mails including the sacks. Such a suit is within the jurisdiction of this court.

Plaintiff's motion is granted, and defendant's third and fourth special defenses are stricken.

It is so ordered.

JONES, Chief Judge, and LARAMORE and MADDEN, Judges, concur.